UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>VILA CONSTRUCTION COMPANY, et al.,<br><br>    Defendants. | Case No. 19-cv-07306-PJH<br><br>**ORDER DENYING MOTION TO VACATE AMENDED ABSTRACT OF JUDGMENT**<br><br>Re: Dkt. No. 117 |

    Before the court is the motion of defendant Richard H. Vila to vacate the amended abstract of judgment filed by plaintiff Liberty Mutual Insurance Company. See Dkt. 117. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES defendant's motion and VACATES the November 6 hearing date.

    Defendant's motion claims to be brought under Federal Rules of Civil Procedure 59 and 60, and seeks to vacate the amended abstract of judgment filed by plaintiff on August 7, 2025 and entered by the court on August 12, 2025. See Dkt. 114, 116. Defendant argues that plaintiff previously filed an "acknowledgment of satisfaction of judgment in full" in October 2022, and that, by checking the box for "judgment satisfied in full," plaintiff acknowledged that no additional funds were due. See Dkt. 111. Defendant argues that, by seeking to amend the abstract of judgment in August 2025, plaintiff violated Rules 59 and 60, which require any amendments to a judgment be made within 28 days (under Rule 59) or within one year (under Rule 60).

    Plaintiff first argues that defendant is misrepresenting the terms of the settlement

agreement by attempting to characterize it as a full settlement.  Plaintiff attaches the settlement agreement and points to terms that expressly exclude Richard Vila (as an individual) and Vila Construction Company from the scope of the settlement.  See Dkt. 118-1, Ex. A.

In particular, paragraph 11.E of the settlement agreement specifically says that "Richard H. Vila, Vila Construction Company, and any related company or entity . . . are expressly excluded from the full satisfaction of judgment."  See Dkt. 118-1, Ex. A at 4.

Paragraphs 11.I, 11.J, and 11.K each recite that "Richard H. Vila, Vila Construction Company, and any related company or entity . . . hereby reaffirm their respective obligations" or "respective duties."  See Dkt. 118-1, Ex. A at 4-5.

Paragraph 11.L states that, "in the event Richard H. Vila, Vila Construction Company, and any related company or entity . . . satisfies their respective obligations and Liberty's rights . . . to the sole and absolute discretion of Liberty, then Liberty shall file a Full Satisfaction of Judgment as to Richard H. Vila, individually, only."  See Dkt. 118-1, Ex. A at 5.

Finally, Paragraph 11.M states that "nothing contained in this settlement agreement is, shall be, or shall [be] deemed to be a release or waiver of any of Liberty's rights, claims, damages, rights of action or causes of action of any kind whatsoever against Richard H. Vila, Vila Construction Company and/or any related company or entity."  See Dkt. 118-1, Ex. A at 6.

Also, when the satisfaction of judgment was filed in October 2022, it specifically said that it was acknowledging satisfaction of judgment "as to only some defendants," and the list of included defendants specifically stated "Richard H. Vila, not as an individual, only as trustee of the RMV Family Trust" (underlining in original) and did not include Vila Construction Company.  See Dkt. 111.

Next, plaintiff argues that Rules 59 and 60 are inapplicable, because they apply to 'judgments,' which are different from 'abstracts of judgment.'  Plaintiff cites a Ninth Circuit case holding that Rule 69, and not Rule 60, should apply to satisfactions of judgment.

2

See Zamani v. Carnes, 491 F.3d 990, 995-96 (9th Cir. 2007).

Indeed, the Ninth Circuit in Zamani held that, "[b]ecause Rule 69(a) applies to "proceedings supplementary to and in aid of a judgment," the rule is broad enough to encompass a proceeding involving the acknowledgment of satisfaction of judgment," and that "Rule 69(a) should be applied to the satisfaction of judgments and acknowledgment thereof." See 491 F.3d at 996.

Specifically, Rule 69(a) covers enforcement of a money judgment, and provides that "in proceedings supplementary to and in aid of judgment or execution," procedure "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a).

Thus, under Zamani, this court must follow the "procedure of the state where the court is located" regarding full/partial satisfactions of judgment.

On that point, plaintiff cites to McCall v. Four Star Music Co., a California appellate case addressing the same issue before the court now – a 'full satisfaction of judgment' had been filed, and the defendants claimed that all defendants must necessarily be released by a 'full satisfaction,' while plaintiff argued that the terms of the settlement agreement made clear that the plaintiff preserved his rights against one defendant only. 51 Cal.App.4th 1394, 1398-1402 (1996). The court sided with the plaintiff, holding that "the intent of the parties as expressed in the release is controlling," and because the settlement agreement "expressed the patent intent of the signatories to release only the settling defendants while preserving McCall's rights as against Johnson." Id. The court went on to say that "to permit Johnson to avoid this debt by allowing him the benefit of a satisfaction of judgment to which he was not, and was never intended to be, a party, would be to elevate form over substance to achieve a ludicrous and unjust result." Id.

Plaintiff argues that McCall directly controls, and that Vila is similarly attempting to take advantage of a satisfaction of judgment that expressly did not apply to him.

Finally, plaintiff also argues that, Vila and VCC did not actually satisfy the obligations in the settlement agreement (regarding cooperating with future legal disputes

3

involving Liberty), and that the settlement agreement gave plaintiff "sole and complete discretion" to determine whether those obligations were satisfied.

The court agrees with plaintiff that the reasoning of McCall is directly applicable to this case. As set forth above, both the settlement agreement and the satisfaction of judgment were clear and specific about the exclusion of Vila and Vila Construction Company from the terms of any settlement or satisfaction.  And as in McCall, the defendant in this case is attempting to "elevate form over substance to achieve a ludicrous and unjust result."  Defendant's arguments are squarely rejected, and defendant's motion to vacate the amended abstract of judgment is DENIED.

**IT IS SO ORDERED.**

Dated:  November 4, 2025

　　　　　　　　　　　　　　　　　　　　　/s/ *Phyllis J. Hamilton*
　　　　　　　　　　　　　　　　　　　　PHYLLIS J. HAMILTON
　　　　　　　　　　　　　　　　　　　　United States District Judge